UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                Plaintiff,

   v.

MATTHEW C ROWLEN,

                Defendant.

C16-1912 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motion for Second Supplemental Judgment against Defendant Matthew C. Rowlen, docket no. 24, is DENIED. Plaintiff seeks a supplemental default judgment against Defendant for fees and costs incurred during efforts to enforce this Court's earlier default judgments, docket nos. 17 & 23. See Decl. of J. Sokol, docket no. 25, Ex. A (listing (1) fees and costs associated with analyzing this Court's prior orders, (2) preparing correspondence regarding indemnification, (3) research and writing related to various writs of garnishment and efforts to register foreign judgments, and (4) fees related to the preparation of the instant motion).

The only basis for relief Plaintiff cites is RCW §4.84.330, which permits an award of fees and costs to the prevailing party if authorized by the underlying contract. Plaintiff suggests the underlying Indemnity Agreement (the "Agreement") that was the subject of Plaintiff's Complaint, docket no. 1, authorizes recovery of fees and costs associated with execution on the prior judgments. However, the Agreement says no such thing. Although the Agreement requires Defendant to indemnify Plaintiff for "any Loss sustained or incurred: (a) by reason of having executed or being requested to execute any and all Bonds; (b) by failure of [Defendant' to perform or comply with any of the

MINUTE ORDER - 1

covenants or conditions of this Agreement or any other agreement; and (c) in enforcing any of the covenants or conditions of this Agreement or any other agreement," those provisions are limited to acts or omissions related to the requirements of the Agreement. Indemnity Agreement, docket no. 16-2 at 2. The Agreement does not expressly authorize recovery of collection costs or other costs associated with execution of a judgment. To the extent Plaintiff is alleging new facts that give rise to separate claims under the Agreement, those facts were not part of the operative Complaint and are irrelevant for purposes of this litigation.

Fees associated with garnishment and registration are recoverable in the same collateral proceedings where they were incurred, pursuant to RCW §§ 6.27.090 (authorizing recovery of certain costs and fees in a garnishment proceeding of up to 10 percent of the unsatisfied judgment or the amount prayed for in the complaint); 6.36.140 (authorizing recovery of costs of registering a foreign judgment). Plaintiff has cited no authority indicating this Court may enter supplemental default judgments associated with a creditor's attempts to execute on prior default judgments when Washington law authorizes their recovery elsewhere. Finally, Plaintiff also fails to offer evidence regarding whether the fees charged represent reasonable fees in the relevant community. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). Therefore, Plaintiff's Motion for Second Supplemental Judgment against Defendant Matthew C. Rowlen, docket no. 24, is DENIED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of October, 2018.

                                                William M. McCool
                                                Clerk

                                                s/Karen Dews
                                                Deputy Clerk